NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 200344-U

NO. 4-20-0344

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| In the Matter of the Application of the County Treasurer and Ex-Officio Collector for Judgment and Order of Sale of Lands and Lots Returned Delinquent for Non-Payment of General and Special Taxes and Assessments for the Year 2015 and Prior Years, | ) ) ) ) ) ) | Appeal from the Circuit Court of Vermilion County No. 16TX1 |
| Petition of VERMILION COUNTY, ILLINOIS, as Trustee for Tax Deeds, | ) ) | |
| Petitioner-Appellee, | ) | |
| v. | ) | Honorable |
| DENNIS D. BALLINGER, | ) | Charles C. Hall, |
| Respondent-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying respondent's motions to dismiss the petition for an order directing the issuance of a tax deed or in entering that order.

¶ 2    In January 2019, petitioner, Vermilion County, as trustee for the taxing districts having an interest in the taxes and special assessments of certain properties, filed a petition for an order directing the issuance of tax deeds concerning numerous parcels of real estate, seven of which were owned by respondent, Dennis D. Ballinger. Respondent filed motions to dismiss the petition, which the trial court denied. In July 2020, over respondent's objection, the court granted the petition and entered an order directing the issuance of tax deeds for the properties owned by respondent. Respondent appeals, claiming the trial court erred in denying his motions to dismiss

and in ordering the issuance of tax deeds to petitioner because: (1) petitioner violated section 22-30 of the Property Tax Code (Code) (35 ILCS 200/22-30 (West 2018)) by failing to file an amended petition for tax deed after extending the period of redemption from July 12, 2019, to August 9, 2019; (2) petitioner violated section 21-385 of the Code (*id.* § 21-385) by extending the period of redemption prior to the date it was scheduled to expire; and (3) petitioner violated section 21-360 of the Code (*id.* § 21-360) by posting additional costs with the county clerk less than 30 days prior to the expiration of the period of redemption.

¶ 3                                    I. BACKGROUND

¶ 4          On November 10, 2016, petitioner purchased delinquent real estate taxes for the year 2015 and prior years on approximately 150 parcels of real property located in Vermilion County (the Properties). Seven of these parcels were owned by respondent. Those parcels were: (1) 802 Oakwood Ave., Danville, Vermilion County, Illinois, PIN 22-12-210-019, (2) N. Alexander St., Danville, Vermilion County, Illinois, PIN 23-09-207-015, (3) 1031 E. Main St., Danville, Vermilion County, Illinois, PIN 23-09-207-023, (4) 702 S. Gilbert St., Danville, Vermilion County, Illinois, PIN 23-17-113-001, (5) 702 S. Gilbert St., Danville, Vermilion County, Illinois, PIN 23-17-113-006, (6) 718 S. Gilbert St., Danville, Vermilion County, Illinois, PIN 23-17-113-007, and (7) E. 2700 N. Rd., Armstrong, Vermilion County, Illinois, PIN 11-23-400-003 (collectively, the Respondent's Properties).

¶ 5          On January 14, 2019, petitioner filed with the trial court a petition for an order directing the county clerk to issue tax deeds for the Properties (the Petition). In the Petition, petitioner claimed that "more than three months and less than six months remain[ed] of the time allowed by law within which redemption [could] be made." At this time, the redemption period for the Properties was scheduled to expire on July 12, 2019.

¶ 6        On April 17, 2019, pursuant to a motion filed by petitioner, the trial court extended the period of redemption for the Properties from July 12, 2019, to August 9, 2019. Following entry of the court's order, in accordance with section 22-30 of the Code (*id.* § 22-30), petitioner provided notice of the extended redemption period to each individual and entity entitled thereto.

¶ 7        On August 19, 2019, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2018)), respondent filed seven motions to dismiss the Petition, each motion corresponding to one of the Respondent's Properties. In his motions, respondent alleged: (1) petitioner violated section 22-30 of the Code (35 ILCS 200/22-30 (West 2018)) by failing to file an amended petition for tax deed after extending the period of redemption, (2) petitioner violated section 21-360 of the Code (*id.* § 21-360) by posting subsequent years' taxes to the tax sale judgment and redemption record with the county clerk less than 30 days prior to the expiration of the period of redemption, and (3) petitioner violated section 22-20 of the Code (*id.* § 22-20) in that the publication notice required under that statute was published in a community outside the City of Danville.

¶ 8        In respondent's motion to dismiss with respect to the property at 702 S. Gilbert St. (PIN 23-17-113-001), respondent alleged as follows in support of his argument that petitioner violated section 21-360 of the Code:

> "A copy of the estimate of real estate redemption from the County Clerk's Office is attached hereto, marked Exhibit [B] and incorporated herein by reference which provides that the taxes that were due at the time were $10,290.06 but as of August 6th, 2019 an additional $4,000.00 was added because of the posting of those subsequent years [*sic*] taxes in violation of the statute."

Exhibit B to respondent's motion was an "Estimate of Real Estate Redemption" from the

Vermilion County clerk which shows the "Total Redemption Amount" for the property located at 702 S. Gilbert St. on July 23, 2019, was $10,290.06. In the margins of that document is the following unsigned, handwritten statement: "Per CO clerk 2018 sub tax added on 7-24-19 new Red Amount $14,048.11 as of 8-6-19." Although, in his other motions to dismiss, respondent generally asserted that petitioner violated section 21-360 of the Code, he did not include any specific factual allegations or attach any documents in support of those assertions, as he did in his motion regarding the property at 702 S. Gilbert St. (PIN 23-17-113-001).

¶ 9        On August 26, 2019, the trial court entered an order directing the county clerk to issue tax deeds to petitioner for all Properties other than the Respondent's Properties.

¶ 10        In September 2019, petitioner filed a consolidated reply to respondent's motions to dismiss. In its reply, petitioner claimed: (1) it was not required to amend the Petition after extending the redemption period, (2) respondent forfeited his allegation of error regarding the improper posting of subsequent year taxes because he failed to file a redemption under protest pursuant to section 21-380 of the Code (*id.* § 21-380), and (3) its publication of notice of the extended redemption period was not improper.

¶ 11        On October 11, 2019, the trial court conducted a hearing on respondent's motions to dismiss at which both parties presented argument through counsel. A month later, the court entered a written order denying respondent's motions to dismiss the Petition.

¶ 12        On July 7, 2020, the trial court conducted a hearing on the Petition with respect to the Respondent's Properties. At the hearing, respondent objected to the entry of the court's order, repeating the arguments he raised in his motions to dismiss. Over respondent's objection, the court granted the Petition and entered an order directing the county clerk to issue tax deeds to petitioner for the Respondent's Properties.

¶ 13    This appeal followed.

¶ 14                               II. ANALYSIS

¶ 15    On appeal, respondent claims the trial court erred in denying his motions to dismiss and in granting the Petition with respect to the Respondent's Properties because: (1) petitioner violated section 22-30 of the Code (*id.* § 22-30) by failing to file an amended petition for tax deed after extending the period of redemption from July 12, 2019, to August 9, 2019; (2) petitioner violated section 21-385 of the Code (*id.* § 21-385) by extending the period of redemption prior to the date it was scheduled to expire; and (3) petitioner violated section 21-360 of the Code (*id.* § 21-360) by posting additional costs with the county clerk less than 30 days prior to the expiration of the period of redemption. Each of respondent's contentions raises issues of statutory construction, which we review *de novo*. *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 31, 43 N.E.3d 1014.

¶ 16    The primary goal of a reviewing court in construing a statute is to "interpret and give effect to the legislature's intent." *Dynak v. Board of Education of Wood Dale School District 7*, 2020 IL 125062, ¶ 16, 164 N.E.3d 1226. "The best indication of that intent is the statutory language, which, when clear and unambiguous, must be construed as written, without reading into it exceptions, conditions, or limitations that the legislature did not express." *Elam v. Municipal Officers Electoral Board for Village of Riverdale*, 2021 IL 127080, ¶ 14. A statute's words and phrases should not be viewed in isolation but "should be considered in light of other relevant provisions of the statute." *Home Star Bank and Financial Services v. Emergency Care and Health Organization, Ltd.*, 2014 IL 115526, ¶ 24, 6 N.E.3d 128. "Even when there is an apparent conflict between statutes, they must be construed in harmony if reasonably possible." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 37, 43 N.E.3d 1005. Further, "each

word, clause and sentence of a statute must be given a reasonable construction, if possible, and should not be rendered superfluous." *Home Star Bank and Financial Services*, 2014 IL 115526, ¶ 24. Finally, "[i]n determining legislative intent, we may also consider the consequences that would result from construing the statute one way or the other, and, in doing so, we presume that the legislature did not intend absurd, inconvenient, or unjust consequences." *Id.*

¶ 17    Respondent first contends the trial court erred in denying his motions to dismiss and in ordering the issuance of tax deeds because petitioner violated section 22-30 of the Code (35 ILCS 200/22-30 (West 2018)). Specifically, respondent contends that, pursuant to section 22-30, petitioner was required to file an amended petition for tax deed after extending the period of redemption from July 12, 2019, to August 9, 2019.

¶ 18    Section 22-30 of the Code provides, in relevant part:

"At any time within 6 months but not less than 3 months prior to the expiration of the redemption period for property sold pursuant to judgment and order of sale ***, the purchaser or his or her assignee may file a petition in the circuit court in the same proceeding in which the judgment and order of sale were entered, asking that the court direct the county clerk to issue a tax deed if the property is not redeemed from the sale. ***

Notice of filing the petition and the date on which the petitioner intends to apply for an order on the petition that a deed be issued if the property is not redeemed shall be given to occupants, owners and persons interested in the property as part of the notice provided in Sections 22-10 through 22-25, except that only one publication is required." *Id.*

¶ 19    In his brief, respondent acknowledges petitioner initially complied with section

22-30 by filing the Petition on January 14, 2019, because that date was less than six months and more than three months before the expiration of the redemption period on July 12, 2019. However, respondent argues petitioner subsequently violated that statute when it extended the period of redemption to August 9, 2019, because January 14, 2019, was 6 months and 26 days from that date. Thus, respondent concludes, under the plain language of the statute, petitioner was required to file an amended petition for issuance of a tax deed between six months and three months from August 9, 2019.

¶ 20     As petitioner correctly points out, extensions to the period of redemption are not governed by section 22-30 of the Code but are governed instead by section 21-385 of the Code. Section 21-385 provides, in relevant part:

"The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale, by filing with the county clerk of the county in which the property is located a written notice to that effect describing the property, stating the date of the sale and specifying the extended period of redemption. *** If prior to the expiration of the period of redemption or extended period of redemption a petition for tax deed has been filed under Section 22-30, upon application of the petitioner, the court shall allow the purchaser or his or her assignee to extend the period of redemption after expiration of the original period or any extended period of redemption, provided that any extension allowed will expire not later than 3 years from the date of sale ***. If the period of redemption

- 7 -

is extended, the purchaser or his or her assignee must give the notices provided for in Section 22-10 at the specified times prior to the expiration of the extended period of redemption." *Id.* § 21-385.

¶ 21 Nothing in section 21-385 requires a tax purchaser to file an amended petition for the issuance of a tax deed after initially filing a petition within the time frame set forth in section 22-30. Moreover, as noted by petitioner, adopting respondent's interpretation of section 22-30 would lead to an absurd result because both section 22-30 and section 21-385 require the tax purchaser to send notice in accordance with section 22-10 of the Code (*id.* § 22-10). Section 22-10 requires that, to be entitled to a tax deed, a tax purchaser must first send a notice—entitled "TAKE NOTICE"—to "owners, occupants, and parties interested in the property" informing them of "the sale and the date of expiration of the period of redemption." *Id.* These notices must be given "not less than 3 months nor more than 6 months prior to the expiration of the period of redemption." *Id.* As stated above, section 22-30 requires that, after a petition for tax deed is filed, the petitioner must provide notice of the filing and of the date the petitioner intends to apply for an order on the petition "as part of the notice provided in Sections 22-10." *Id.* § 22-30. Similarly, section 21-385 requires that, if the period of redemption is extended, the tax purchaser must "give the notices provided for in Section 22-10 at the specified times prior to the expiration of the extended period of redemption." *Id.* § 21-385. Construing these provisions together, we agree with petitioner's assertion that, because sections 22-30 and section 21-385 both require a tax purchaser to give notice under section 22-10, "requiring an amended petition for tax deed would be nonsensical given that property owners would already be made aware of the extension of the redemption period and all other information required to be given in [s]ection 22-10." For these reasons, we find that, where a tax purchaser has filed a petition for tax deed within the time specified in section 22-30,

the tax purchaser is not required to file an amended petition after extending the redemption period in accordance with section 21-385.

¶ 22 Respondent's second contention on appeal is that the trial court erred in denying his motions to dismiss and in ordering the issuance of tax deeds because petitioner violated section 21-385 of the Code (*id.*) by extending the period of redemption to August 9, 2019, prior to July 12, 2019, the date the redemption period was scheduled to expire.

¶ 23 As an initial matter, we acknowledge that petitioner argues respondent has forfeited review of this claim by failing to raise it in the trial court. See *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶ 49, 71 N.E.3d 1 ("It has long been the law of the State of Illinois that a party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal."). While we agree with petitioner that respondent failed to include in his written motions to dismiss the specific claim that petitioner violated section 21-385 by extending the period of redemption before the then-applicable period expired, we note the issue was nonetheless fully argued by both parties at the hearing on October 11, 2019. Under these circumstances, we find respondent's contention was not forfeited. See, *e.g.*, *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 26, 49 N.E.3d 26. Even if it were determined respondent had failed to raise this claim before the trial court, "the forfeiture rule is an admonition to the parties and not a limitation on the jurisdiction of this court." *Id.* ¶ 24.

¶ 24 In support of his present claim, respondent points to the second sentence of section 21-385 of the Code, as quoted above, which provides:

> "If prior to the expiration of the period of redemption or extended period of redemption a petition for tax deed has been filed under Section 22-30, upon application of the petitioner, the court shall allow the purchaser or his or her

assignee to extend the period of redemption after expiration of the original period or any extended period of redemption, provided that any extension allowed will expire not later than 3 years from the date of sale." 35 ILCS 200/21-385 (West 2018).

Respondent argues this sentence of the statute prohibits a tax purchaser who has already filed a petition for tax deed from applying for an extension of the redemption period before the original period of redemption, or any extension thereof, has already expired. We disagree as respondent's interpretation would create a conflict between the first sentence of the statute and that second sentence, as quoted. The first sentence of section 21-385 clearly allows a tax purchaser to extend the period of redemption "at any time" before the expiration of the original or any extended period of redemption. *Id.* The first sentence does not include any exception limiting its applicability only to those tax purchasers who have not previously filed a petition for tax deed. Adopting respondent's argument would require us to impermissibly find an implied limitation in the statute contrary to the clear language of the statute. *Elam*, 2021 IL 127080, ¶ 14. Reading section 21-385 as a whole, it is clear the first sentence and the second sentence, as quoted, are not mutually exclusive, but instead provide a tax purchaser two different opportunities to extend the redemption period. The first sentence affords a tax purchaser the opportunity to extend the period of redemption before the expiration of the then-current redemption period, regardless of whether the tax purchaser has already filed a petition for tax deed. The second sentence, which is only applicable where a tax purchaser has filed a petition for tax deed before the redemption period expired, affords the tax purchaser the opportunity to extend the period of redemption after the expiration thereof.

¶ 25       Finally, respondent argues the trial court erred in denying his motions to dismiss

and in ordering the issuance of tax deeds because petitioner violated section 21-360 of the Code (35 ILCS 200/21-360 (West 2018)) by posting additional costs with the county clerk less than 30 days prior to the expiration of the period of redemption. Section 21-360 of the Code sets forth the conditions under which the county clerk is required to include various sums, as listed in section 21-355 of the Code (*id.* § 21-355), in the amount a property owner must pay to redeem his property following a tax sale. Section 21-360 provides, in relevant part, as follows:

"Except as otherwise provided in Section 21-355, the county clerk shall not be required to include amounts described in paragraphs (c) through (k) of Section 21-355 in the payment for redemption or the amount received for redemption, nor shall payment thereof be a charge on the property sold for taxes, unless the tax certificate holder has filed and posted with the county clerk prior to redemption and in any event not less than 30 days prior to the expiration of the period of redemption or extended period of redemption an official, original or duplicate receipt for payment of those fees, costs and expenses permitted under paragraphs (c) through (k) of Section 21-355." *Id.* § 21-360.

According to respondent, petitioner violated this statute by posting costs on July 24, 2019, 17 days before the expiration of the period of redemption on August 9, 2019. In response, petitioner argues respondent forfeited review of this contention by failing to include an affidavit in support of the claim in his motions to dismiss as required under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)).

¶ 26    Section 2-619 of the Code of Civil Procedure provides that a respondent may, within the time for pleading, file a motion to dismiss a petition upon any ground listed therein. Subsection (a)(9), which respondent invoked in his motions to dismiss, provides that a respondent

may move to dismiss on the basis that the claim is barred by "other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* § 2-619(a)(9). Section 2-619 further provides that if the ground for dismissing the petition, as asserted in the motion to dismiss, "do[es] not appear on the face of the pleading attacked[,] the motion shall be supported by affidavit." *Id.* § 2-619(a). As petitioner correctly notes, respondent's assertion that petitioner violated section 21-360 of the Code was not a ground for dismissal that was apparent from the face of the Petition. Thus, petitioner argues, because respondent failed to support this assertion with an affidavit and instead only supported the assertion with an unsigned, handwritten statement contained in one of his exhibits, respondent has forfeited review of his claim. We disagree. While petitioner is correct that respondent's failure to provide the requisite affidavits would ordinarily constitute a fatal deficiency, petitioner failed to object in the trial court to the absence of supporting affidavits. This failure by petitioner now requires that we find it has forfeited its forfeiture argument on appeal. See *Cochran v. Securitas Security Services USA, Inc.*, 2016 IL App (4th) 150791, ¶ 22, 59 N.E.3d 234 (a party's failure to object to the absence of required affidavits in the trial court will result in forfeiture of the argument on appeal).

¶ 27 Turning to the merits of respondent's contention, we note respondent has cited no caselaw holding that an alleged violation of section 21-360 is sufficient grounds to deny the issuance of a tax deed. Nor does respondent identify any provision in section 21-360 or elsewhere in the Code indicating that a violation of that section is sufficient grounds to deny the issuance of a tax deed. Instead, respondent seems to argue that any violation of the Code by a tax purchaser prior to the issuance of a tax deed is a sufficient basis to deny the issuance of the deed. This argument is untenable. Our research indicates that, while the trial court should deny the issuance of a tax deed, for example, where a tax purchaser fails to strictly comply with the Code's notice

provisions (see, *e.g.*, *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 15, 3 N.E.3d 431), not every violation of the Code by a tax purchaser is a sufficient basis to warrant denial of the tax deed (see, *e.g.*, *Hoffman v. Stuckslager*, 48 Ill. 2d 262, 267, 269 N.E.2d 501, 504 (1971) (finding a tax purchaser's failure to provide payment of delinquent taxes purchased at a tax sale "forthwith," as required by statute, was not a sufficient ground to deny the issuance of a tax deed)). Moreover, we do not agree with respondent's assertion that section 21-360 of the Code prohibits a tax purchaser from posting receipts of payments made for items listed in section 21-355 within 30 days before the expiration of a redemption period. Rather, that statute only prohibits the clerk from including those payments as a "charge" on the property—the statute limits the conduct of the county clerk, not the tax purchaser. Because respondent did not challenge the clerk's calculation of the redemption estimate in the trial court, any argument that the clerk improperly included amounts posted by respondent as a charge on the property has been forfeited for review. See *Vantage Hospitality Group, Inc.*, 2016 IL App (4th) 160271, ¶ 49.

¶ 28    For the reasons discussed above, petitioner did not violate the Code in its application for the issuance of tax deeds as alleged by respondent. Therefore, we find the trial court did not err in denying respondent's motions to dismiss or in granting the Petition and directing the county clerk to issue tax deeds for the Respondent's Properties.

¶ 29                              III. CONCLUSION

¶ 30    For the reasons stated, we affirm the trial court's judgment.

¶ 31    Affirmed.