NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200298-U

NO. 4-20-0298

IN THE APPELLATE COURT

FILED
February 10, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE VILLAGE OF DeLAND, a Municipal Corporation, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Piatt County |
| v. | ) | No. 18MR47 |
| TAMARA E. MICHAEL; DAVID BRIAN TEETS; PIATT COUNTY TRUSTEE JOSEPH MEYER; THE PIP GROUP, LLC; PIP EAST, LLC; THE INTERNAL REVENUE SERVICE OF THE UNITED STATES; and ANY and ALL UNKNOWN OCCUPANTS, | ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | Honorable Wm. Hugh Finson, Judge Presiding. |
| (Tamara E. Michael, Defendant-Appellant). | | |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held:*   The appellate court affirmed the trial court's grant of summary judgment in favor
             of the Village of DeLand because the evidence submitted by the Village was
             sufficient to support a demolition order.

¶ 2            In May 2018, plaintiff, the Village of DeLand (the Village), filed a complaint for

demolition against defendant, Tamara E. Michael, of her property, a house, located in DeLand,

Illinois. (We note that the Village also named additional defendants in that complaint, but those

defendants are not parties to this appeal.) In October 2019, the Village moved for summary

judgment and offered in support thereof (1) an affidavit from the Village's president, who was a

contractor, describing the house's condition and (2) photographs of the same attached to that

affidavit. In January 2020, the trial court granted the Village's motion.

¶ 3        Michael appeals, arguing the trial court erred by (1) considering the affidavit and photographs because they were obtained by the Village in violation of the fourth and fourteenth amendments of the United States Constitution (U.S. Const., amends. IV, XIV), and article I, section 6, of the Illinois Constitution (Ill. Const. 1970, art. I, § 6), (2) ordering demolition of the house because there existed a genuine issue of material fact, and (3) considering a purported expert's affidavit attached to the motion for summary judgment because the Village did not sufficiently establish that the affidavit's author was an expert. We disagree and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        In May 2018, the Village filed a complaint for demolition of the house located at 305 S. Highway Avenue, DeLand, IL 61839, against Tamara E. Michael, David Brian Teets, Piatt County Trustee Joseph Meyer, The Pip Group, LLC, Internal Revenue Service of the United States, Pip East, LLC, and any and all unknown occupants pursuant to the Village's powers under section 11-31-1 of the Illinois Municipal Code. See 65 ILCS 5/11-31-1 (West 2016) (authorizing the corporate authorities of each municipality to demolish dangerous and unsafe buildings within the municipality). The complaint alleged that the house was in a dangerous and unsafe condition because it was (1) "in an abandoned state of disrepair," (2) "dangerous or detrimental to life, safety[,] and health because of lack of repairs, defects in the plumbing system, lighting[,] and ventilation," and (3) beset with "garbage and debris and other materials." The complaint further alleged that defendants, despite having received "notice of violation of dangerous and unsafe building," failed to remediate the situation.

¶ 6        In August 2018, the trial court conducted the initial hearing on the complaint. Both Pip East, LLC, and The Pip Group, LLC, failed to appear, and the court entered default

judgments against them. (The court would later find that Michael and Teets were the owners of record and that all other interested parties had consented to judgment.)

¶ 7        In October 2019, the Village moved for summary judgment, asserting there was no issue of material fact regarding the issues of (1) "whether the building [was] dangerous to life, safety and health, [(2)] whether the building [was] in an abandoned state of disrepair[,] and [(3)] whether the building [had] garbage stored within it."

¶ 8        In support of its motion, the Village attached an affidavit of Todd Benting, who averred that he was the president of the Village and the owner of Triple AAA Home Repairs. For the past 15 years, his occupation involved home repair, home teardowns, and "foreclosure rehabs." Additionally, he averred that he was trained to recognize black mold, structural instability, and to "give opinions on the cost and work needed to perform foreclosure rehabs." Accordingly, Benting wrote in his affidavit that he was qualified to "determine whether a house is unfit for human or animal habitation and whether it presents a risk to the community." He then described his observations of the house from June 22, 2019, and opined that, based on his experience as a contractor, (1) the structure was a "hazard to the animals and residents of the Village" and (2) was "not able to be rehabilitated due to the presence of black mold, fecal matter, and collapsing walls, foundation and ceiling."

¶ 9        In addition, the Village attached to Benting's affidavit photographs taken by Benting of the house's interior and exterior. The photographs showed collapsed ceilings and walls, poorly secured tarps covering holes in the roof, knee-deep garbage and refuse throughout the house, a mishmash of filth-covered appliances and furniture, what appeared to be patches of black mold, a porch missing wood planks, boarded up broken windows, and general dilapidation of the structure.

¶ 10        In January 2020, Teets, represented by counsel, filed his "Response in Opposition to Plaintiff's Motion for Summary Judgment," alleging the photographs and Benting's characterization of the property were incorrect. Teets asserted that the house was not a "danger to life, safety, and health" because it had been repaired (and would continue to be repaired to habitable condition). Accordingly, Teets argued there were significant issues of material fact.

¶ 11        In support of his opposition to the motion for summary judgment, Teets attached an email from Aaron Borden, Michael's "retained" contractor, that Borden wrote in December 2019 in which Borden stated that he "worked on foreclosed and vacant homes for banks for the last 14 years." Regarding the house, Borden wrote that he had repaired and secured parts of the porch and would continue cleaning the property.

¶ 12        Teets also attached to his response in opposition an exhibit showing "before and after" photographs that compared the Village's photographs to those he took after repairing and cleaning parts of the house. The photographs depicted dirty rooms that were mostly free of garbage, a dumpster in the yard, and newly boarded up windows. Notably, the derelict appliances, ruined furniture, and collapsed ceilings, among other readily apparent damage and detritus, were still present. Additionally, Teets's response in opposition included an affidavit from Michael, in which she swore that she would testify to her having retained Borden to restore the house to a habitable condition. Michael also averred to her having (1) paid $2500 for roof repairs, (2) purchased a dumpster to dispose of garbage, and (3) retained Borden to repair the property to a habitable condition.

¶ 13        In January 2020, the trial court conducted a hearing on the motion for summary judgment. Michael appeared *pro se*, and Teets appeared with counsel. During arguments, the Village asked the court to recognize that Benting had the proper expertise to opine as to the

condition of the house. Teets's counsel did not object and, in his ensuing argument, referred to Benting as "[the Village's] expert."

¶ 14        Teets's counsel argued that the new photographs and email submitted with the response demonstrated a "much improved" state of the house. Accordingly, counsel argued, "the issue of whether the house [was] unfit" was a matter of disputed fact precluding summary judgment. When the trial court asked Michael if she had anything to add, she briefly stated that, if allowed, she would continue repairing the house and that the house had only recently become damaged because of "people breaking into the house to steal things."

¶ 15        In reply, the Village asked the trial court not to consider Borden's email because it was not submitted as an affidavit. The Village further argued that (1) any changes to the house were merely cosmetic and (2) major structural and health hazards remained that Michael and Teets did not allege were remedied.

¶ 16        After hearing arguments, the trial court found the Village's affidavit "very clearly" showed no issue of material fact as to whether the house was "a menace to public safety." The court also noted that Borden's email was not an affidavit. Accordingly, the court granted summary judgment in favor of the Village and ordered demolition of the house, finding the structure substantially beyond repair. Additionally, the court found that Michael and Teets were the owners of record and that all other interested parties had consented to judgment or were defaulted upon due notice.

¶ 17        In February 2020, Michael *pro se* moved to reconsider the demolition order, arguing that the house could and would be repaired if it was not demolished. The trial court denied her motion with prejudice.

¶ 18        This appeal followed. (Teets has not joined in this appeal.)

¶ 19                                    II. ANALYSIS

¶ 20          Michael appeals (now for the first time represented by counsel), arguing the trial

court erred by (1) considering the affidavit and photographs because they were obtained by the

Village in violation of the fourth and fourteenth amendments of the United States Constitution

(U.S. Const., amends. IV, XIV), and article I, section 6, of the Illinois Constitution (Ill. Const.

1970, art. I, § 6), (2) ordering demolition of the house because there existed a genuine issue of

material fact, and (3) considering Benting's affidavit because the Village did not sufficiently

establish that Benting was an expert. We disagree and affirm the trial court's judgment.

¶ 21                     A. Summary Judgment and the Standard of Review

¶ 22          Summary judgment is appropriate when "the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." 735

ILCS 5/2-1005 (West 2016). Appellate courts review a trial court's grant of summary judgment

*de novo*. *Dynak v. Board of Education of Wood Dale School District 7*, 2020 IL 125062, ¶ 15,

164 N.E.3d 1226.

¶ 23                                    B. This Case

¶ 24          We begin by noting that two of the arguments Michael raises on appeal are raised

for the first time in this case—namely, (1) the Village's photographs were taken during a

warrantless search of her house and (2) the Village's affiant, Benting, was not a qualified expert.

We emphasize that these contentions were never raised in the trial court.

¶ 25          "Issues not raised in the trial court are forfeited and may not be raised on appeal."

*In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 40, 128 N.E.3d 1105. This rule applies

even to questions raising constitutional issues. *Sherman v. Indian Trails Public Library District*,

2012 IL App (1st) 112771, ¶ 21, 975 N.E.2d 1173. Moreover, "the trial court has no duty to *sua sponte* exclude evidence when a party fails to make an objection." *People v. Smith*, 2017 IL App (1st) 143728, ¶ 60, 91 N.E.3d 489 (citing *People v. Driver*, 62 Ill. App. 3d 847, 852, 379 N.E.2d 840, 845 (1978)).

¶ 26    Because the record shows Michael did not raise her constitutional concerns in the trial court, she has forfeited her first argument. Likewise, had Michael believed Benting was not qualified to opine on the condition of the house, she was required to raise that objection in the trial court. *Essig v. Advocate BroMenn Medical Center*, 2015 IL App (4th) 140546, ¶ 93, 33 N.E.3d 288 ("[T]he principles of forfeiture can apply in the summary judgment context, and parties are generally bound by their failure to object to improper evidence."); *In re Petition to Disconnect Certain Territory from Village Of Campton Hills, Kane County*, 386 Ill. App. 3d 355, 367, 899 N.E.2d 280, 292 (2008) (stating that failing to object to the qualifications of an expert witness at trial forfeits the argument on appeal). Accordingly, she has forfeited both of these arguments on appeal.

¶ 27    Next, although Michael's third argument—namely, that the trial court erred by granting summary judgment—is properly raised, we conclude it has no merit.

¶ 28    The Village brought its complaint seeking demolition pursuant to section 11-31-1 of the Illinois Municipal Code (65 ILCS 5/11-31-1 (West 2016)), which provides, in relevant part, that the Village "may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality ***." The Village's burden was to prove that the building was (1) dangerous and unsafe and (2) beyond reasonable repair. *Village of Ringwood v. Foster*, 2013 IL App (2d) 111221, ¶ 5, 986 N.E.2d 662.

¶ 29    In support of its motion for summary judgment, the Village offered 52 color photographs depicting the house's condition along with Benting's supporting and explanatory affidavit, which we note was accepted by the trial court. We also note that the court accepted Benting as an expert. The affidavit and photographs painted a bleak picture of the house's condition: a filth-ridden structure replete with a leaking roof, black mold, a damaged foundation, collapsed ceilings, and pervasive contamination from garbage and refuse.

¶ 30    Aside from the fact that Teets's photographs, Borden's email, and Michael's affidavit, do not meet the requirements of Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013), they—at best—merely demonstrated that Michael had removed much of the garbage from the house's interior, boarded up several of the windows, and did some minor roof repair—remedial steps that were nowhere near the major repairs necessary to bring the house to a habitable condition. The representations before the court at the hearing on the Village's motion for summary judgment showed that from May 2018 to January 2020, Michael did little to repair the house and had "retained Aaron Borden to repair the property into a habitable condition" at the last minute—namely, the month before that hearing. Essentially, none of the Village's allegations regarding the property were rebutted, and Michael did not present any evidence contradicting the dangerous and unsafe state of the house. Accordingly, no genuine issue of material fact existed, and the Village was entitled to judgment as a matter of law.

¶ 31                              III. CONCLUSION

¶ 32    For the reasons stated, we affirm the trial court's judgment.

¶ 33    Affirmed.